NelsON, J.,
delivered the opinion of the court.
On the 29th of April, 1871, a writ of fieri facias was issued by a justice of the peace of Greene county, directed to the sheriff of said county, and commanding him that of the goods and chattels, &c., of D. V. McCorkle, principal, J. B. R. Lyons, security, and W. B. Hawkins and S. B. McCorkle, assignors, he *602 should make the sum of $363 debt, and $5.50 costs of suit, to satisfy- a judgment recovered against them before said justice on the 24th of April, 1871. This d. fa. was duly certified by the clerk of the County Court of Greene county on the 2nd of May, 1871, and came to the hands of J. G. Reid, deputy sheriff of Hamilton county. McCorkle ' thereupon presented his petition for writs of certiorari and supersedeas, to remove the cause into the Circuit Court of Hamilton county, which was granted by Chancellor Key, on the 19th of May, 1871; and the cause having been removed into said court, the petition was dismissed on plaintiff’s motion, at the July Term, 1871, and from the judgment of the court this appeal is prosecuted.
It is alleged in the petition that H. V. McCorkle was the security, merely, of S. B. McCorkle, in the note upon which said judgment was obtained; that his principal, without his consent or procurement, obtained surety for the stay of execution; that he was thereby exonerated, and that the time for stay of execution has not expired.
It may be observed, that it appears upon the face of the note returned by the justice with the other papers in the cause, in obedience to the writ of certio-rari, that John McCorkle and D. V. McCorkle are the principals, and J. B. R. Lyons and A. W. Walker securities, in the note, which appears to have been transferred by assignments, made at different dates on the back of the note, by S. B. McCorkle and W. P. Hawkins; and that the defendants, except John McCorkle, who was not sued, are so described *603 in the warrant. This negatives the leading fact stated in the petition, and the justice’s papers may be properly looked to on motion to dismiss. See Spivy v. Latham, 8 Hum., 704; Edcle v. Cowan, 1 Sneed, 295; Finley v. King, 1 Head, 124.
Pretermitting the question as to the jurisdiction of the Circuit Court of Hamilton county, another conclusive reason for the dismissal of the petition is, that it states, simply, that the execution from Greene was in the hands of the sheriff of Hamilton county, without stating that any levy had been made upon the property of the petitioner, and the sheriff’s return upon the execution shows that his proceedings were stopped by the supersedeas without a levy. It was correctly ruled in Béeler v. Hall, 11 Hum., 546, that the certiorari and supersedeas can not be used as a proceeding -quia timet to prevent the doing of an anticipated wrong or injury.
Affirm the judgment, and render judgment here against the appellant and his security of record for the amount of the judgment in the court below, with interest and costs.